DENNISTOUN, WOOD & Co. *v.* MERCHANTS' BANK OF CLEVELAND.

(No. 9,694.)

All the facts necessary to constitute a cause of action or defense should be pleaded. Frequently that must be pleaded which need not be proved.

SPECIAL TERM.—On a demurrer of the plaintiffs to one of the defenses of the defendant, and on a demurrer of the defendant to a reply of the plaintiff to the other grounds of defense.

*Worthington & Matthews*, for plaintiffs.

*Collins & Herron*, for defendant.

GHOLSON, J. The action is on promissory notes against the Merchants' Bank as indorser. The defense states that the notes were indorsed without value and for collection merely, and were fraudulently put in circulation by the Ohio Life Insurance and Trust Company; but it is not alleged that the plaintiffs either gave no value, or had notice or knowledge of the fraud. It is claimed that proof of what is stated would cast on the plaintiffs the burden of showing

that they took the notes for value, and in the course of business, and that the defendant need allege no more than what it would be required to prove to make out a *prima facie* case.

Independent of the provisions of the code, there certainly are many cases in which to make out a cause of action or defense, a party is bound to allege in pleading more than he would be required to prove. 19 Wend. 363, *Potter* v. *Deyo.* And it is conceded, unless the rule is changed by the code, this is such a case. It is like a plea of purchase for valuable consideration without notice. To make such a plea good there must be a denial of notice, but the negative need not be proved.

I do not understand the code to make any change in this respect. The facts constituting a cause of action or a defense must be stated, and it requires the same facts to constitute a cause of action or defense, as before the code. Whatever facts were essential and material before the code, to give a party a cause of action, or to constitute a ground of defense, are still essential and material, and must be stated in the pleading. The same test applies : Admitting the truth of all that is stated, is there a cause of action or defense ? Applying this test, the defense of the defendant to which a demurrer has been interposed, can not be sustained. It may be all true, and yet the plaintiffs may be entitled to recover.

The reply of the plaintiffs, to which there is a demurrer, sets up a certain agreement between the Merchants' Bank and the Ohio Life Insurance and Trust Company, as an estoppel to the defenses of the Merchants' Bank in this action. The plaintiffs were not parties to that agreement, and were in no way represented by the Ohio Life Insurance and Trust Company. They were not induced to take the notes or to alter their position by the execution of that agreement. If the agreement admitted the liability of the defendant as indorser of the notes, it would certainly be strong evidence, but there is no such admission, and even if there were, it would only be evidence, and not an estoppel

to be pleaded as a conclusive bar. The transaction between the Merchants' Bank and the Trust Company fails in a most essential element, when it is sought to be used as an estoppel by the plaintiffs. There would be no reciprocity. The plaintiffs, being neither parties nor privies, could not have been bound by the transaction, and could not rely on it as an estoppel, by deed or record. Considered as an estoppel in pais, or by parol, it fails, for a reason equally obvious, there was no action taken by the plaintiffs in consequence of the transaction between the Merchants' Bank and the Trust Company, and no intention by those parties that any such action should be taken.

Under these views, both of the demurrers must be sustained. The defendant can amend by adding the first defense to the second, which will make one complete defense, and then the plaintiffs can file another reply, denying the facts, or setting up some other matter.

, Demurrers sustained.